IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
ALABAMA NORTHERN DIVISION

RECEIVED
2008 FEB 11  A 10: 08

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| PENMONT, LLC and<br>PENMAN GROUP, LLC<br><br>Plaintiffs,<br><br>v.<br><br>BLUE RIDGE PIEDMONT, LLC,<br>BLUE RIDGE CAPITAL, LLC, FRITZ<br>MCPHAIL, and ERIC WILENSKY<br><br>Defendants. | CIVIL ACTION NO.: 2:08CV93<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

### Parties

1.  Penmont, LLC is an Alabama limited liability company and was the putative assignee of Penman Group, LLC pursuant to the transaction that forms the basis of this action.

2.  Penman Group, LLC is a Florida limited liability company who served as the putative assignor to Penmont, LLC pursuant to the arranged transaction that forms the basis of this action.

3.  Blue Ridge Piedmont, LLC is a Georgia limited liability company

4.  Blue Ridge Capital, LLC is a Georgia limited liability company.

5.  Fritz McPhail is an individual and a resident of Georgia who is over nineteen years of age.

6. Eric Wilensky is an individual and a resident of Georgia who is over nineteen years of age.

## Jurisdiction and Venue

7. This Court has jurisdiction over the claims and parties to this action in that the plaintiffs seek damages in excess of the threshold jurisdictional limits of the Court and there is complete diversity between the adverse parties pursuant to 28 U.S.C. § 1332. The defendants both engage in and solicit business in Alabama and Montgomery County and the underlying transaction concerns the purchase of realty in Montgomery County. The plaintiffs' injuries stem from defendants' contacts with this jurisdiction. The requirements for establishing personal jurisdiction in this Court have been met because the facts and allegations in this matter comport with applicable state law and all federal due process guarantees.

8. Venue is proper in that the facts and circumstances upon which the plaintiffs' claims are predicated concern real property situated in Montgomery County, Alabama and the related acts and omissions occurred in this judicial district. The defendants engage in and solicit business in Alabama and Montgomery County. Because a substantial part of the events and omissions giving rise to these claims and a substantial part of the property that is the subject of this action occurred in this judicial district, venue is proper pursuant to 28 U.S.C. § 1391.

## Facts

9. In March of 2007, defendant Blue Ridge Capital was marketing the sale of one of the anchor stores located in the Montgomery Mall in Montgomery, Alabama. The store's tenant at that time was a franchise that does business as Steve & Barry's.

10.  In late March or early April 2007, defendant McPhail contacted Eliot Subin, a member of the plaintiff LLCs, regarding the potential purchase of the Steve and Barry's property. The purpose of McPhail's call was to solicit the purchase of the Steve and Barry's property.

11.  McPhail provided the plaintiffs with marketing materials which included information about the property and the existing tenant, Steve & Barry's. These materials were issued under the name Blue Ridge Capital, LLC.

12.  McPhail organized a conference call between himself, Eric Wilensky, and members of the plaintiff LLCs, Eliot Subin and Michael Lewis. During this call McPhail and Wilensky described the process in which they could provide for the plaintiffs lenders who were familiar with the property that was the subject matter of the transaction, described to the plaintiffs how they could assist in providing due diligence on their behalf, and explained that all of the fees for these services would be included in the agreed upon transaction price.

13.  The plaintiffs eventually entered into an agreement with the defendants whereby the plaintiffs would purchase the Steve & Barry's property through a series of options purchases that would entail a cashless exercise and transfer the property through four entities: 1) a representative of Dothan Acquisitions would exercise its option to purchase the property from Montgomery Mall Associates, LP, the actual owner of the property; 2) Blue Ridge Piedmont, LLC would then exercise its purchase option from the representative of Dothan Acquisitions; 3) Penman Group, LLC would purchase the property through its agreement with Blue Ridge Piedmont, LLC. The net result is that the plaintiffs would ultimately provide the cash purchase of the property and the two pass-through option holders would receive the spread between what Penman paid and the property owner received. The signed agreement between the plaintiffs and defendants was made on behalf of Penman Group, LLC, and Blue Ridge Piedmont, LLC.

14. In consideration for this arrangement, the plaintiffs paid the defendants $50,000 on April 6, 2007. The plaintiffs then formed Penmont, LLC, an Alabama limited liability company. The Steve & Barry's property would ultimately be transferred into Penmont's ownership.

15. In exchange for receiving this consideration, the defendants began to act on behalf of the plaintiffs as brokers, principals, contract vendees, contract vendors, mortgage brokers, procurers of those third parties to perform services consistent with this type of transaction.

16. The defendants represented to the plaintiffs that there were other buyers who were committed to purchasing the subject property at a higher purchase price. The defendants also claimed that by using their services for this transaction, the plaintiffs would be able to take advantage of a discounted sales price available only as a result of the relationship defendants had with either the property owners or the party which held the first option on the property, Dothan Acquisitions. It is now evident that there was no other committed purchaser for the property and that the purported discount claimed by the defendants was illusory.

17. The defendants were aware of a material deficiency with the Steve and Barry's property, namely that the tenant was in a hostile position with the landlord. They were aware of this fact before they entered into an agreement with the plaintiffs. This was never disclosed to the plaintiffs. It only came to light after the defendants, acting on behalf of the plaintiffs, disclosed this information to the lender and their counsel from whom the plaintiffs had secured a non-recourse loan for the property. The plaintiffs' lender backed out of the transaction and the defendants attempted to replace them with lenders offering less favorable terms, who the defendants preferred, and may have had financial incentive to use.

18. The actions of the defendants made the transaction untenable for the plaintiffs. Once it was obvious to the plaintiffs that the defendants were acting in their own interest and not on

the plaintiffs' behalf, they demanded the return of the money that had been paid to the defendants. The defendants refused.

19. After investigation, it is apparent that the defendants were not licensed to act as real estate brokers in the state of Alabama during the time period they were acting on behalf of the plaintiffs and were involved in the sale of the Steve & Barry's property.

## Causes of Action

*Promissory Fraud, Misrepresentation, and Fraudulent Suppression*

20. Plaintiffs adopt and incorporate by reference the factual averments contained in paragraphs 1-19 set forth above.

21. McPhail and Wilensky, individually, and on behalf of, as agents of, as members of, and/or as principals of Blue Ridge Capital and Blue Ridge Piedmont, represented to the plaintiffs certain conditions about the property at issue which were not true and withheld material information about the property that could not have been discovered by the plaintiffs in the course of their due diligence. The defendants were obligated to disclose this information.

22. The plaintiffs relied upon these representations and omissions by agreeing to enter into a contract with the defendants. As a result of this reliance, the plaintiffs paid the defendants $50,000 and incurred more than $125,000 in expenses related to the purchase of the property at issue.

23. The representations and omissions made by McPhail and Wilensky, individually, and on behalf of, as agents of, as members of, and/or principals of Blue Ridge Capital and Blue Ridge Piedmont were false and were made either intentionally, recklessly or negligently and as such constitute fraud, misrepresentation, suppression and deceit as those terms are defined under the Alabama Code. McPhail and Wilensky are liable individually, and Blue Ridge Capital and/or Blue

Ridge Piedmont are liable for the fraud perpetrated by McPhail and Wilensky in their respective capacities with each company.

24. To date, the plaintiffs have been injured financially to the benefit of the defendants and from the expenses incurred in dealing with the defendants. Had the defendants made accurate representations and necessary material disclosures, the plaintiffs would not have suffered these losses.

Wherefore, the plaintiffs seek compensatory damages in an amount to be determined by a jury which would place them in the same position, financially, had the defendants not defrauded them. Further, should a jury decide that the actions of the defendants constitute fraud, plaintiffs' seek punitive damages in an amount to be determined by a jury.

*Breach of Contract*

25. Plaintiffs adopt and incorporate by reference the factual averments contained in paragraphs 1-19 set forth above.

26. The defendants, separately and severally, contracted with the plaintiffs to purchase the property at issue. The plaintiffs paid earnest money to the defendants and expenses in excess of $125,000 in order to fulfill their obligations under the contract.

27. Before the contract could be performed, the defendants breached said contract by failing to meet the terms of the agreement and/or failing to act in good faith required under law.

Wherefore, the plaintiffs seek compensatory damages in an amount to be determined by a jury which would place them in the same position, financially, had the defendants not breached the contract.

*Unlawful Practice of Real Estate Brokerage - Unjust Enrichment and Reliance Damages*

28. Plaintiffs adopt and incorporate by reference the factual averments contained in paragraphs 1-19 set forth above.

29. The defendants engaged in the unlawful practice of real estate brokerage, *Ala. Code* § 34-27-30, when they offered to buy or sell or otherwise deal in options related to real estate located in Alabama. The improper dealing in real estate renders the defendants' written contract with the plaintiffs void and unenforceable.

30. The defendants were unjustly enriched by taking payment from the plaintiffs for a transaction which the defendants were prohibited from engaging in under Alabama law. The plaintiffs relied to their financial detriment on the solicitations of and representations by the defendants who were acting in a capacity that exceeded their legal bounds.

Wherefore, the plaintiffs seek compensatory damages in an amount to be determined by a jury which would place them in the same position, financially, had the defendants not acted outside their legal capacity. Further, if a jury should decide that the illegal activity of the defendants was committed either intentionally, or recklessly, plaintiffs seek punitive damages in an amount to be determined by a jury.

*Agency - Breach of Duty*

31. Plaintiffs adopt and incorporate by reference the factual averments contained in paragraphs 1-19 set forth above.

32. The facts and circumstances in this matter support the existence of either actual or implied agency between the plaintiffs and defendants. The defendants were not the owners of the property in question. The defendants advised the plaintiffs in purchase of the property and assisted the plaintiffs in obtaining financing and conducting due diligence. The defendants were directly compensated by the plaintiffs by way of a fee arrangement.

33.  The defendants breached their duties as agents to the plaintiffs by failing to disclose material information that injured the plaintiffs, failing to act in good faith, and breach of fiduciary duty as required by the laws of agency.

Wherefore, the plaintiffs seek compensatory damages in an amount to be determined by a jury which would place them in the same position, financially, had the defendants not breached their duty of agency. Further, if a jury should decide that the defendants' breach of duty was committed either intentionally, or recklessly, plaintiffs seek punitive damages in an amount to be determined by a jury.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

_____
J. Michael Bowling
Attorney for the Plaintiff

OF COUNSEL:
Friedman, Leak, Dazzio, Zulanas & Bowling
Post Office Box 43219
Birmingham, AL 35243
(205) 278-7000

## CERTIFICATE OF SERVICE

I hereby certify I have caused a copy of the foregoing pleading to be served on counsel for all parties via electronic filing this 8th day of February, 2008.

Burr Forman
Attn: Ray Gibbons
Registered Agent of Blue Ridge Capital, LLC
420 North 20th Street
Suite 3400
Birmingham, AL 35203

Burr Forman
Attn: Ray Gibbons
Registered Agent of Blue Ridge Piedmont, LLC
420 North 20th Street
Suite 3400
Birmingham, AL 35203

Blue Ridge Capital, LLC
Attn: Eric Wilensky
300 East Paces Ferry Road
Atlanta, GA 30305

Blue Ridge Capital, LLC
Attn: Fritz McPhail
300 East Paces Ferry Road
Atlanta, GA 30305

_____
Of Counsel

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602003844
Cashier ID: khaynes
Transaction Date: 02/11/2008
Payer Name: FRIEDMAN LEAK
------------------------------------
CIVIL FILING FEE
  For: FRIEDMAN LEAK
  Case/Party: D-ALM-2-08-CV-000093-001
  Amount:         $350.00
------------------------------------
CHECK
  Check/Money Order Num: 22866
  Amt Tendered: $350.00
------------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00

PenMont LLC V. Blue Ridge Capital
```