IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PENMONT, LLC, and <br> PENMAN GROUP, LLC <br><br> Plaintiffs, <br><br> v. <br><br> BLUE RIDGE PIEDMONT, LLC, BLUE <br> RIDGE CAPITAL, LLC, FRITZ MCPHAIL, <br> and ERIC WILENSKY <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO.: 2:08cv93-WC <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT BLUE RIDGE PIEDMONT, LLC'S
BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
COUNTS I, III AND IV OF PLAINTIFFS' COMPLAINT**

COMES NOW Defendant Blue Ridge Piedmont, LLC ("Blue Ridge Piedmont") and files this, its Brief in Support of its Motion to Dismiss Counts I, III and IV of Plaintiffs' Complaint, showing the Court as follows:

**INTRODUCTION**

On or about April 6, 2007, Penman Group, LLC ("Penman Group") and Blue Ridge Piedmont executed a Purchase Agreement for the purchase and sale of certain property located in Montgomery, Alabama. See Answer, Defenses, and Counterclaim of Blue Ridge Piedmont, Exhibit A. The following were not parties to the Purchase Agreement: Fritz McPhail, Eric Wilensky, Penmont, LLC, and Blue Ridge Capital, LLC. Id.

In the Purchase Agreement, Penman Group warranted that it did not use "any real estate broker or agent in connection with this transaction" and "acknowledge[d] that the Property [was] being sold 'AS-IS' without representation or warranty except as expressly set forth herein." See Purchase Agreement, ¶¶ 9 & 11. Pursuant to the Purchase Agreement, Penman Group paid

643339.1

$50,000.00 in Earnest Money that was deemed non-refundable should Penman Group default under the Purchase Agreement and fail to close the sale of the property.  See Purchase Agreement, ¶ 7.  Penman Group failed to close and Blue Ridge Piedmont retained the Earnest Money pursuant to the Purchase Agreement.  See Complaint.

## ARGUMENT AND CITATION OF AUTHORITY

A motion to dismiss for failure to state a claim may be granted when a defendant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief.  Kirwin v. Price Commununications Corp., 391 F.3d 1323, 1325 (11th Cir. 2004).  "[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."  Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003); see also Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974)("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint.")(internal citation omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level…."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).  The plaintiff must provide more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action…."  Id.  "Stated differently, the factual allegations in a complaint must 'possess enough heft' plausibly to suggest that the plaintiff is entitled to relief…. Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitlement to relief."'"  Weissman v. Nat'l Assoc. of Securities Dealers, Inc., 500 F.3d 1293, 1310 (11th Cir. 2007)(quoting Twombly, 127 S.Ct. at 1966).

A court may look beyond the face of the complaint when analyzing a motion to dismiss in cases "in which a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss." Financial Security Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1284 (11th Cir. 2007).

I.  **Plaintiffs Fail To State A Claim Upon Which Relief May Be Granted.**

   A.  **Plaintiffs' Fraud Claims Should Be Dismissed (Count I).**

Penman Group "acknowledge[d] that the Property [was] being sold 'AS-IS' without representation or warranty except as expressly set forth herein." See Purchase Agreement, ¶ 11. In Alabama, an "as is" clause contained in a contract to purchase used real estate generally bars a purchaser's fraud and/or fraudulent suppression claims. See ERA Class.som v. Stoddard, 2007 WL 2893936, *5-7 (Ala. Civ. App.); see also Moore v. Prudential Residential Servs. Ltd. P'ship, 849 So.2d 914, 923-926 (Ala. 2002). Plaintiffs' Complaint pleads no facts sufficient to overcome the general rule that bars a fraud claim when a real estate sales contract contains an "as is" clause. Accordingly, the Court should dismiss Plaintiffs' fraud claims against Blue Ridge Piedmont for this reason.

In addition, Plaintiffs also failed to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b). A plaintiff alleging fraud must describe "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff…." Clausen v. Lab. Corp. of America, Inc., 290 F.3d 1301, 1310 (11th Cir. 2002)(affirming dismissal of plaintiff's fraud claim).

Plaintiffs have relied on vague allegations that do not explain **what** misstatements were allegedly made, **when** such misstatements were allegedly made, **how** such misstatements were allegedly made, **to whom** such misstatements were allegedly made, or **in what way** they were allegedly acted upon. Such non-particular allegations are insufficient to sustain a claim for fraud. Accordingly, the Court is justified in dismissing Plaintiffs' fraud claims against Blue Ridge Piedmont for this additional reason.

In the alternative, Blue Ridge Piedmont respectfully requests the Court order Plaintiffs to file an amended complaint sufficiently detailing their fraud claim so as to survive this motion to dismiss.

**B.     Blue Ridge Piedmont Did Not Act As A Real Estate Broker (Count III).**

The terms of the Purchase Agreement clearly show that Blue Ridge Piedmont did not act as a real estate broker in the sale of the subject property. The Purchase Agreement unambiguously shows that the property was being sold by Blue Ridge Piedmont as "Seller" to Penman Group. See Purchase Agreement. Under Alabama law, the licensing requirements of Ala. Code § 34-27-30 do not apply to "[a]ny owner in the managing of, or in consummating a real estate transaction involving, his or her own real estate…." See Ala. Code § 34-27-2; see also Strumpf v. State, 18 So.2d 104, 107 (Ala. App. 1944)(holding corporation was no real estate broker because it was selling its own real estate). Moreover, Penman Group warranted that it did not use "any real estate broker or agent in connection with this transaction…." See Purchase Agreement, ¶ 9.

The so-called payment Plaintiffs refer to in their Complaint was the non-refundable "Earnest Money" paid to Blue Ridge Piedmont in connection with the sale of the subject property. See Purchase Agreement; see also Stewart v. Robertson, 490 So.2d 13, 14 (Ala. Civ.

App. 1986)("'Earnest Money' consists of a deposit of part payment on the purchase of property on sale to be consummated in the future."). Because Penman Group defaulted under the Purchase Agreement and failed to close on the property, Blue Ridge Piedmont was entitled to retain the Earnest Money per the unambiguous terms of the Purchase Agreement. The Earnest Money was not a brokerage fee payment, but instead a forfeiture of earnest money. Such contractual arrangements are common and enforceable in Alabama. See, e.g., Stewart 490 So.2d at 14 ("As a general rule, [earnest money] is subject to forfeiture if the purchaser defaults on the contract.").

Accordingly, Plaintiffs Unlawful Practice of Real Estate Brokerage claim against Blue Ridge Piedmont should be dismissed.

### C. Blue Ridge Piedmont Was Not Plaintiffs' Agent (Count IV).

The transaction at issue was an arms-length transaction whereby both parties were represented by their own counsel. As previously stated, Penman Group warranted that it did not use "any real estate broker or agent in connection with this transaction…." Id. at ¶ 9. In addition, Penman Group agreed that the Purchase Agreement "constitutes the sole and entire agreement between the parties hereto, and no modification hereof shall be binding unless set forth in writing…." Id. at ¶ 11.

Plaintiffs cannot now claim that Blue Ridge Piedmont acted as Plaintiffs' agent in this transaction, when, on its face, the Purchase Agreement clearly states that Penman Group warranted that it did not use any broker or agent in connection with the transaction. Accordingly, Plaintiffs' Agency claim against Blue Ridge Piedmont should be dismissed.

[*Signature on following page*]

This 5th day of March, 2008.

> Respectfully submitted,
>
> s/George R. Parker
> George R. Parker
> One of the Attorneys for Defendant
> Blue Ridge Piedmont, LLC

<u>OF COUNSEL</u>

George R. Parker
BRADLEY ARANT ROSE & WHITE LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
Email: gparker@bradleyarant.com

Halsey G. Knapp, Jr.
Jonathan E. Hawkins
FOLTZ MARTIN, LLC
Five Piedmont Center, Suite 750
Atlanta, Georgia 30305-1541
Telephone: (404) 231-9397
Facsimile: (404) 237-1659
Email: hknapp@foltzmartin.com
Email: jhawkins@foltzmartin.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of **Defendant Blue Ridge Piedmont, LLC's Brief in Support of It's Motion to Dismiss Counts I, III and IV of Plaintiffs' Complaint** was electronically filed with the Clerk of Court using the CM/ECF System which will automatically send an email notification of such filing to the following attorneys of record:

J. Michael Bowling
Friedman, Leak, Dazzio, Zulanas & Bowling
Post Office Box 43219

Birmingham, AL 35243

This 5th day of March, 2008.

                                          Respectfully submitted,

                                          s/George R. Parker
                                          George R. Parker
                                          BRADLEY ARANT ROSE & WHITE LLP
                                          The Alabama Center for Commerce
                                          401 Adams Avenue, Suite 780
                                          Montgomery, AL 36104
                                          Telephone: (334) 956-7700
                                          Facsimile: (334) 956-7701
                                          Email:  gparker@bradleyarant.com