IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PENMONT, LLC, and )
PENMAN GROUP, LLC )
)
    Plaintiffs, )
) CIVIL ACTION NO.: 2:08cv93-WC
v. )
)
BLUE RIDGE PIEDMONT, LLC, BLUE )
RIDGE CAPITAL, LLC, FRITZ MCPHAIL, )
and ERIC WILENSKY )
)
    Defendants. )

**DEFENDANT BLUE RIDGE PIEDMONT, LLC'S**
**BRIEF IN SUPPORT OF MOTION TO COMPEL DEPOSITIONS**
**AND EXTEND TIME TO FILE DISPOSITIVE MOTIONS**

COME NOW Defendant Blue Ridge Piedmont, LLC ("Blue Ridge Piedmont") and files

this its Brief in Support of Motion to Compel Depositions and Extend Time to File Dispositive

Motions, showing the Court as follows:

**INTRODUCTION**

On or about April 6, 2007, Penman Group, LLC ("Penman Group") and Blue Ridge

Piedmont, LLC ("Blue Ridge Piedmont") executed a Purchase Agreement for the purchase and

sale of certain property located in Montgomery, Alabama. See Purchase Agreement, a true and

correct copy of which is attached as Exhibit A. The following were not parties to the Purchase

Agreement: Plaintiff Penmont, LLC, and Defendants Fritz McPhail, Eric Wilensky, Penmont,

LLC, and Blue Ridge Capital, LLC. Id.

In the Purchase Agreement, Penman Group warranted that it did not use "any real estate

broker or agent in connection with this transaction" and "acknowledge[d] that the Property [was]

being sold 'AS-IS' without representation or warranty except as expressly set forth herein." Id.

Pursuant to the Purchase Agreement, Penman Group paid $50,000.00 in Earnest Money that was deemed non-refundable should Penman Group default under the Purchase Agreement and fail to close the sale of the property.  Id.  Because Penman Group defaulted and failed to close, Blue Ridge Piedmont did not refund the Earnest Money pursuant to the Purchase Agreement.  See Docket # 14.

## RELEVANT PROCEDURAL HISTORY

Plaintiffs filed their Complaint on February 11, 2008.  See Docket #1.  On April 9, 2008, the Court entered its Uniform Scheduling Order.  See Docket # 29 .  Pursuant to the Uniform Scheduling Order, the discovery period ends on December 12, 2008.  Id.  However, dispositive motions must be filed no later than October 7, 2008.  Id.

Defendants have diligently pursued discovery thus far.  On April 14, 2008, Plaintiffs were served with written discovery requests.  On May 27, 2008, shortly after receiving Plaintiffs' written discovery responses and document production, Defendants' counsel requested available deposition dates from Plaintiffs.  See Email dated May 27, 2008, a true and correct copy of which is attached as Exhibit B.  When no available dates were provided, Defendants' counsel again requested, on June 3, 2008, that Plaintiffs provide available deposition dates convenient to Plaintiffs' schedules.  See Email dated June 3, 2003, a true and correct copy of which is attached as Exhibit C.  After no dates were provided, on June 26, Defendants' counsel yet again requested available deposition dates.  See Email dated June 26, 2003, a true and correct copy of which is attached as Exhibit D.

Because Plaintiffs never provided any available deposition dates, on Friday, July 25, 2008—almost two months after their initial request—Defendants served Plaintiffs with deposition notices scheduling Plaintiffs' depositions for August 20 and 21, 2008 to be held at

Plaintiffs' counsel's offices. See Deposition Notices, true and correct copies of which are attached as Exhibit E. On Monday, July 28, 2008, Plaintiffs' counsel noted that his clients were available for deposition the following Saturday and Sunday, August 2 and 3. See Email from Mr. Bowling dated July 28, 2008, a true and correct copy of which is attached as Exhibit F. However, Plaintiffs' counsel stated that he was not available for those dates. Id.

Plaintiffs never asked Defendants to reschedule the depositions noticed for August 20 and 21, 2008, and Plaintiffs never indicated that they would not be able to appear for these depositions. Not until the afternoon of August 18 did Plaintiffs' counsel inform Defendants, for the first time, that Plaintiffs would not be appearing for their depositions. See Letter to Mr. Bowling dated August 19, 2008, a true and correct copy of which is attached as Exhibit G. Plaintiffs' counsel confirmed in writing on August 19 that Plaintiffs would not appear for their properly noticed depositions. See Letter from Mr. Bowling dated August 19, 2008, a true and correct copy of which is attached as Exhibit H.

On August 20, Plaintiffs' counsel finally provided the dates of September 23-25 and October 14-15 as available dates for Plaintiffs' depositions. See Email from Mr. Bowling dated August 20, 2008, a true and correct copy of which is attached as Exhibit I. However, the September dates are only two weeks prior to the dispositive motion deadline and the October dates are one week after the deadline. Moreover, Defendants cannot be certain Plaintiff will, in fact, appear for their depositions on these dates. Plaintiffs have offered to extend the dispositive motion deadline to after the close of discovery. Such an offer does not give Defendants adequate assurance, because it is the Court's, and not the parties', decision whether or not to extend the dispositive motion deadline.

## ARGUMENT AND CITATION OF AUTHORITY

In federal court, the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed.R.Civ. P. 26(b)(1). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.  To that end, either party may compel the other to disgorge whatever facts he has in his possession." Rozier v. Ford Motor Co., 573 F.2d 1332, 1345 (5th Cir. 1978).[1]  The purpose of the liberal discovery rules is to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." Id. at 1346.

### A.    Plaintiffs Should Be Compelled To Appear For Deposition.

A district court has broad discretion to control discovery. See Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993).  "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." Gratton v. Great Am. Communications, 178 F.3d 1373, 1374-75 (11th Cir. 1999).  A district court may impose sanctions where a party fails to appear for his deposition after receiving proper notice. See Fed. R. Civ. P. 37(d).  Rule 37 even allows a court "to dismiss a case where a party fails to attend her own deposition, although such a sanction is available only in extreme circumstances." Versage v. Marriott Int'l, Inc., 2006 WL 3614921 (M.D. Fla.)("Because of Plaintiff's failure to appear for, and participate in, her deposition, Defendant's ability to formulate a defense has been prejudiced, and it has not been able to prepare for trial.").

---

[1]  In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions that the former Fifth Circuit rendered prior to October 1, 1981.

Despite Defendants' numerous attempts to obtain convenient deposition dates, Plaintiffs never provided any such dates. Because Plaintiffs' delay is prejudicing Defendants ability to adequately defend this action and because the deadline for filing dispositive motions is fast approaching, Defendants move the Court for an order compelling Plaintiffs to appear for their deposition.

Defendants properly noticed Plaintiffs depositions and Plaintiffs refused to appear. Plaintiffs never filed a motion for protective order. Even if they had, the mere filing of a motion for protective order does not excuse a party from appearing at his properly noticed deposition. See Hepperle v. Johnston, 590 F.2d 609, 613 (5th Cir. 1979). Plaintiffs did not even inform Defendants of their intent not to appear until two days prior to the properly noticed depositions. While Plaintiffs have now offered available deposition dates, Defendants have no guarantee that Plaintiffs will, in fact, appear the next time their depositions are noticed. If Plaintiffs' conduct in discovery provides any indication, Plaintiffs will likely again try to delay Defendants' attempts at discovery. At that point, the deadline for dispositive motions will likely have passed and Defendants would be permanently prejudiced in their defense of this action.

Because Plaintiffs have continued to thwart Defendants' attempts to obtain discovery and defend this action, Defendants seek an order compelling Plaintiffs attendance for depositions.

**B.    Plaintiffs Should Pay Defendants Reasonable Expenses And Attorneys' Fees.**

If a court grants a motion to compel a party to appear for deposition, it must "require the party failing to act … to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d). Plaintiffs failure to appear for their properly noticed depositions was not substantially justified. Defendants have been requesting Plaintiffs'

depositions since May 27, 2008 and have been met with only delay. Plaintiffs' depositions were noticed almost 30 days prior to their scheduled date. Plaintiffs have no justifiable reason for failing to appear at their depositions. Accordingly, Defendants respectfully request that the Court require Plaintiffs to pay Defendants' attorneys fees incurred in connection with this motion and Plaintiffs failure to appear for deposition.

This 26th day of August, 2008.

Respectfully submitted,

**FOLTZ MARTIN, LLC**

/s/ Halsey G. Knapp, Jr.
Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Jonathan E. Hawkins
Georgia Bar No. 338779

Five Piedmont Center, Suite 750
Atlanta, Georgia 30305-1541
Telephone: (404) 231-9397
Facsimile: (404) 237-1659
Attorneys for Defendants

**BRADLEY ARANT ROSE & WHITE, LLC**

/s/ George R. Parker
George R. Parker, Esq.
Alabama Bar No. PAR086

Alabama Center for Commerce
401 Adams Ave., Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **Defendant Blue Ridge Piedmont, LLC's**

**Brief in Support of Motion to Compel** was electronically mailed with the Clerk of Court using

the CM/ECF System which will automatically send an email notification of such filing to the

following attorneys of record:

J. Michael Bowling
Friedman, Leak, Dazzio, Zulanas & Bowling
Post Office Box 43219
Birmingham, AL 35243

This 26th day of August, 2008.

/s/ Halsey G. Knapp, Jr.
Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Jonathan E. Hawkins
Georgia Bar No. 338779

Five Piedmont Center, Suite 750
Atlanta, Georgia 30305-1541
Telephone: (404) 231-9397
Facsimile: (404) 237-1659
HKnapp@FoltzMartin.com
JHawkins@FoltzMartin.com

## PURCHASE AGREEMENT

**THIS AGREEMENT**, made this _6TH_ day of April, 2007, by and between **PENMAN GROUP, LLC**, a Florida limited liability company, (hereinafter referred to as "Purchaser") and **BLUE RIDGE PIEDMONT, LLC**, a Georgia limited liability company (hereinafter referred to as "Seller").

### WITNESSETH:

**FOR AND IN CONSIDERATION** of the sum of FIFTY THOUSAND AND NO/100 DOLLARS ($50,000.00) (together with any additional deposit made pursuant to Paragraph 4 hereof, collectively hereinafter referred to as the "Earnest Money"), paid by Purchaser to Seller on the date hereof, which amount shall be non-refundable, except as otherwise set forth herein, and in further consideration of Ten and No/100 Dollars ($10.00), paid in hand, and the covenants and agreements contained in this Agreement, the receipt, sufficiency and adequacy of which are hereby acknowledged, it is hereby covenanted and agreed between the parties hereto as follows:

1.    PURCHASE AND SALE.  Upon all the terms and conditions hereinafter set forth, Seller shall sell and Purchaser shall purchase from Seller all that tract or parcel of land lying and being in Montgomery, Montgomery County, Alabama, and being more particularly described on Exhibit "A" attached hereto and by this reference made a part hereof, together with all rights, easements, appurtenances, air rights, mineral rights and hereditaments thereunto belonging (hereinafter collectively referred to as the "Property"). A portion of the Property is leased to Steve & Barry's Alabama, LLC ("S&B") pursuant to that certain Lease Agreement, by and between Montgomery Mall Associates Limited Partnership, a Delaware limited partnership and S&B, dated December 27, 2004 (the "Lease"). Purchaser acknowledges that Seller is not the current owner of the Property but rather has the contractual right, in accordance with a separate agreement ("Purchase Contract"), to Purchase the Property from the fee owner of the Property ("Fee Owner") as of the date of Closing (as hereinafter defined). Seller's obligations hereunder are conditioned upon the consummation of the transaction contemplated by the Purchase Contract. At the request of Seller, Purchaser will cooperate to accept a direct transfer of the Property from Fee Owner. If the aforementioned condition to Closing is not met on or before the Closing Date despite the commercially reasonable, good faith efforts of Seller and Purchaser hereunder, then the parties hereto shall have no remedies against each other (except for the indemnity in Section 5 below), the Earnest Money shall be refunded to Purchaser (less the sum of $100.00, which shall be retained by Seller as independent consideration for the transaction contemplated hereby) and this Agreement will terminate.

2.    PURCHASE PRICE AND METHOD OF PAYMENT.  The Purchase Price for the Property shall be FIVE MILLION and NO/100 Dollars ($5,000,000.00). The full purchase price, less a credit for any Earnest Money applied to the purchase price pursuant to the terms of Paragraph 4 herein, shall be paid to Seller at Closing, by wire transfer to an account designated by Seller or by certified or cashier's check payable to the order of Seller.



BR 000001

3.    TITLE. Seller shall convey title to the Property subject to all matters of record and all matters which would be revealed by a current and accurate survey. Notwithstanding the foregoing, Seller shall cause all monetary liens and encumbrances placed on the Property by Seller to be paid off in full at Closing.

Further notwithstanding the foregoing, Purchaser acknowledges that Seller, along with Fee Owner, is currently seeking to have the Property properly Subdivided (as hereinafter defined). It shall be a condition to Closing that the Property be Subdivided. As used in this Agreement, the term "Subdivided" shall mean the action which causes the Property to be designated as a separate tax parcel; provided, however, the parties hereby acknowledge and agree that the jurisdiction in which the Property is located procedurally recognizes the creation of a new tax parcel upon the recording of a conveyancing instrument with a new legal description separate and distinct from the original larger parcel even though the new tax identification number may be issued several months after recordation as a result of administrative delays arising in connection with the recordation of deeds by the Montgomery County Courthouse.

4.    CLOSING. Purchaser and Seller shall consummate and close the sale contemplated by this Agreement ("Closing") on May 9, 2007 (the "Closing Date"). The Closing shall be held at the offices of Seller's attorney as set forth in Paragraph 10 hereof. Notwithstanding the foregoing, on May 1, 2007, Purchaser shall make an additional Earnest Money deposit to Escrow Agent in the amount of One Hundred Thousand and No/100 Dollars ($100,000.00), which amount shall be non-refundable.

At Closing hereunder, Seller shall convey the Property to Purchaser by Special Warranty Deed together with such other documents as may be reasonably necessary to close the transaction contemplated hereby, including, without limitation, an assignment of the Lease. Seller shall also deliver to Purchaser at Closing an affidavit establishing to Purchaser's reasonable satisfaction that this transaction is not subject to the withholding requirements of Section 1445(a) of the Internal Revenue Code. Seller shall pay the State of Alabama transfer tax on said Special Warranty Deed. At Closing the Earnest Money, together with all interest earned thereon, shall be applied against the Purchase Price. In the event that ad valorem taxes for the current year are unknown as of the Closing Date, the proration of taxes will be based upon ad valorem taxes for the previous year and provisions will be made at Closing for the adjustment of the proration when ad valorem taxes for the current year are determined. All items of income and expense relating to the Property (if applicable) shall be pro-rated as of midnight of the day before Closing. Possession of the Property, subject to the rights of S&B under the Lease, shall be delivered to Purchaser upon Closing. Seller shall pay all costs and expenses incurred by Seller in connection with the Closing, including, without limitation, its attorney's fees. Purchaser shall pay its own Closing costs, including but not limited to recording fees and Purchaser's attorney's fees. Purchaser shall cause funds in the amount of the purchase price, subject to the above credits and prorations, to be received by Seller before 12:30 p.m., E.S.T. on the Closing Date.

5.    INSPECTION. Commencing upon the date of this Agreement, Purchaser, subject to the rights of S&B, shall have the right to enter the Property personally or through agents, employees and contractors for the purposes of making surveys of same and in general making

BR 000002

non-invasive and non-destructive tests, analyses and investigations of the Property. Any invasive testing or environmental testing beyond a non-invasive Phase I environmental inspection shall be subject to the prior approval of Seller, which may be withheld in Seller's sole discretion. Purchaser hereby agrees to indemnify and save Seller and Fee Owner harmless from any claim or liability that may arise against Seller by reason of such surveys, tests, analyses and investigations.

      6.     Intentionally Omitted.

      7.     PURCHASER'S DEFAULT. If the purchase of the Property is not consummated in accordance with the terms and conditions of this Agreement on account of default or breach by Purchaser, the Earnest Money and all interest earned thereon shall be paid to Seller as full liquidated damages for Purchaser's default hereunder. Purchaser and Seller acknowledge that it would be difficult or impossible to ascertain the actual damages suffered by Seller as a result of any default by Purchaser and agree that such liquidated damages are a reasonable estimate of such damages

      8.     SELLER'S DEFAULT. If the purchase of the Property is not consummated in accordance with the terms and conditions of this Agreement on account of default or breach by Seller, the Earnest Money and all interest earned thereon shall be returned to Purchaser upon demand and Purchaser may thereafter avail itself of the remedy of specific performance as Purchaser's sole and exclusive remedy; provided, however, Purchaser shall commence any such suit for specific performance within sixty (60) days of the date Seller defaults, failing which, Purchaser shall not be entitled to bring an action for specific performance; and further provided, however, in the event specific performance is unavailable as a remedy to Purchaser due to Seller's intentional misconduct, then Purchaser shall be entitled to recover its actual out-of-pocket expenses up to an amount not to exceed $20,000.00. Seller shall make commercially reasonable, good faith efforts to meet its obligations hereunder.

      9.     BROKERAGE INDEMNITY. Seller and Purchaser each warrant to the other that they have not used any real estate broker or agent in connection with this transaction and each agrees to indemnify the other against all loss, cost, damage or expense incurred by the non-indemnifying party arising out of the use by the indemnifying party of any real estate broker or agent in connection with the purchase and sale of the Property.

      10.    NOTICES. All notices, requests, demands, and other communications which are required or permitted to be given under this Agreement shall be in writing and shall be given to the party at its address or facsimile number set forth below. Each notice shall be deemed to have been duly given and received: (a) as of the date and time the same are personally delivered with a receipted copy, (b) if given by facsimile, when the facsimile is transmitted to the party's facsimile number specified below and confirmation of complete receipt is received by that transmitting party prior to 5:00 p.m. E.S.T. or the next Business Day (any day other than a Saturday, Sunday or a Federal holiday) if not confirmed during normal business hours; or (c) if given by a nationally recognized or reputable overnight delivery service within one (1) day after deposit with such delivery service.

BR 000003

Seller:

Blue Ridge Piedmont, LLC
c/o Blue Ridge Capital, LLC
340 East Paces Ferry Road
Atlanta, GA 30305
Attn: Fritz R. McPhail
Telephone:  404-364-9094
Facsimile:  404-364-9095

With copy to:

Foltz Martin, LLC
5 Piedmont Center
Suite 750
Atlanta, Georgia 30305
Attn: J. Marshall Martin III, Esquire
Telephone:  404-231-9397
Facsimile:  404-237-1659

Purchaser:

Penman Group, LLC
c/o Eliot Subin
540 Commerce Street
Thornwood, New York 10594
Telephone:  914-747-1923
Facsimile: 914-747-1928

With a copy to:

Stephen W. Stallcup , Esq.
Maynard, Cooper & Gale, P.C.
2400 AmSouth/Harbert Plaza,
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone: 205-254-1000
Facsimile: 205-254-1999

Any party may change said address by giving the other parties hereto notice of such change of address.

    11.    MISCELLANEOUS.  This Agreement shall be binding upon and inure to the benefit of Seller and Purchaser and their respective heirs, executors, administrators, legal representatives, successors and assigns.  Time is of the essence of this Agreement.  This Agreement constitutes the sole and entire agreement between the parties hereto, and no

BR 000004

modification hereof shall be binding unless set forth in writing signed by Seller and Purchaser. The Paragraph titles are inserted herein only as matter of convenience and for reference and in no way define, limit or describe the scope or intent of this Agreement nor in any way affect this Agreement. The laws of the State of Alabama shall govern the interpretation, validity and enforcement of this Agreement, and if any provision herein should be invalid or unenforceable, the validity and enforceability of the remaining provisions shall not be affected thereby. Purchaser acknowledges that the Property is being sold "AS-IS" without representation or warranty except as expressly set forth herein. This Agreement shall be non-binding until executed by both parties. Purchaser shall be entitled to assign its right, title and interest herein to any corporation, partnership, limited liability company, or other entity controlled by Purchaser for the purpose of acquiring any portion of or all of the Property, including, without limitation, Penmont, LLC, an Alabama limited liability company to be formed by Purchaser. Any other assignment by Purchaser shall be made only with the prior written consent of Seller, which consent may be withheld for any reason or for no reason. Any assignee shall expressly assume all of Purchaser's duties, obligations and liabilities hereunder, and a copy of such assignment and assumption shall be provided promptly to Seller. In the event of an assignment, the Purchaser named in this Agreement shall remain obligated for all of the obligations and liabilities of Purchaser to Seller arising under this Agreement. Seller shall have the right to freely assign its interest under this Agreement without the prior written consent of Purchaser. This Agreement may be executed in two or more counterpart copies, all of which counterparts shall have the same force and effect as if all parties hereto had executed a single copy of this Agreement.

**[SIGNATURES CONTAINED ON FOLLOWING PAGE]**

BR 000005

**IN WITNESS WHEREOF**, the undersigned parties have set their hands and seal from and after the day and year of the full execution thereof.

**SELLER:**

**BLUE RIDGE PIEDMONT, LLC**, a
Georgia limited liability company

By: _____
       Fritz McPhail, its Manager

(SEAL)

**PURCHASER:**

**PENMAN GROUP, LLC.**, a Florida limited
liability company

By: _____ (SEAL)
Name: _____
Title: _____

BR 000006

EXHIBIT "A"

LEGAL DESCRIPTION



BR 000007

**Jonathan Hawkins**

| | |
|---|---|
| **From:** | Jonathan Hawkins |
| **Sent:** | Tuesday, May 27, 2008 4:48 PM |
| **To:** | Joe Kerr; Mike Bowling |
| **Cc:** | Halsey Knapp |
| **Subject:** | Penmont v. Blue Ridge |

Gentlemen-

Hope you had a good holiday weekend.  We would like to set up depositions for Eliot Subin, Michael Lewis, and Penmont, LLC.  Please provide available dates in the last week of June and the first week of July, so that we may go ahead and get them scheduled.  We understand your clients do not live in Montgomery, but will travel to your offices or will host the depositions here in Atlanta, whichever is easier for your clients.

Thanks,

Jonathan E. Hawkins, Esq.
Foltz Martin, LLC
Five Piedmont Center, Suite 750
Atlanta, GA 30305
Telephone: (404) 231-9397
Facsimile: (404) 419-8257
Email:  JHawkins@FoltzMartin.com
Website:  www.FoltzMartin.com

This communication is attorney-client privileged or confidential. If you are not the intended recipient, please do not read, distribute or copy this communication. Please delete the original message and immediately notify us by return email.

TREASURY DEPARTMENT CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the Treasury Department, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.



EXHIBIT

B

## Jonathan Hawkins

**From:** Jonathan Hawkins
**Sent:** Tuesday, June 03, 2008 9:21 AM
**To:** Mike Bowling; Joe Kerr
**Cc:** Halsey Knapp
**Subject:** RE: Penmont v. Blue Ridge

Mike-

We don't have a problem doing all the depositions together, but we can't wait until August to take your clients depositions. Please provide available dates the weeks of July 7 and July 14. We would prefer to work with your clients' schedules, but if they can't provide available dates, then we will go ahead and notice the depositions for early to mid-July.

Please let me know by the end of the week.

Thanks,


Jonathan E. Hawkins, Esq.
Foltz Martin, LLC
Five Piedmont Center, Suite 750
Atlanta, GA 30305
Telephone: (404) 231-9397
Facsimile: (404) 419-8257
Email: JHawkins@FoltzMartin.com
Website: www.FoltzMartin.com

This communication is attorney-client privileged or confidential. If you are not the intended recipient, please do not read, distribute or copy this communication. Please delete the original message and immediately notify us by return email.

TREASURY DEPARTMENT CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the Treasury Department, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Mike Bowling [mailto:MBowling@friedmanleak.com]
**Sent:** Thursday, May 29, 2008 8:44 AM
**To:** Jonathan Hawkins; Joe Kerr
**Cc:** Halsey Knapp
**Subject:** RE: Penmont v. Blue Ridge

Gentlemen,

We don't have a problem with scheduling depositions, but would like to do the defendant's depositions at the same time as the depositions of our clients. It will probably be closer to August before we can get them done. We will speak with our clients and get back to you shortly.

EXHIBIT

C

Mike

_____

**From:** Jonathan Hawkins [mailto:JHawkins@FoltzMartin.com]
**Sent:** Tuesday, May 27, 2008 3:48 PM
**To:** Joe Kerr; Mike Bowling
**Cc:** Halsey Knapp
**Subject:** Penmont v. Blue Ridge

Gentlemen-

Hope you had a good holiday weekend. We would like to set up depositions for Eliot Subin, Michael Lewis, and Penmont, LLC. Please provide available dates in the last week of June and the first week of July, so that we may go ahead and get them scheduled. We understand your clients do not live in Montgomery, but will travel to your offices or will host the depositions here in Atlanta, whichever is easier for your clients.

Thanks,

Jonathan E. Hawkins, Esq.
Foltz Martin, LLC
Five Piedmont Center, Suite 750
Atlanta, GA 30305
Telephone: (404) 231-9397
Facsimile: (404) 419-8257
Email: JHawkins@FoltzMartin.com
Website: www.FoltzMartin.com

This communication is attorney-client privileged or confidential. If you are not the intended recipient, please do not read, distribute or copy this communication. Please delete the original message and immediately notify us by return email.

TREASURY DEPARTMENT CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the Treasury Department, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

## Jonathan Hawkins

**From:**   Jonathan Hawkins
**Sent:**   Thursday, June 26, 2008 5:08 PM
**To:**   Mike Bowling; Joe Kerr
**Cc:**   Halsey Knapp
**Subject:** RE: Penmont v. Blue Ridge

Mike-

Following up regarding depo dates.  Please provide available dates by next Tuesday, July 1.  Otherwise, we will have to go ahead and notice them.

Thanks,


Jonathan E. Hawkins, Esq.
Foltz Martin, LLC
Five Piedmont Center, Suite 750
Atlanta, GA 30305
Telephone: (404) 231-9397
Facsimile: (404) 419-8257
Email:  JHawkins@FoltzMartin.com
Website:  www.FoltzMartin.com

NOTICE:  This email and all attachments are CONFIDENTIAL and intended solely for the recipients as identified in the "TO", "Cc" and "Bcc" lines of this email.  If you are not an intended recipient, your receipt of this email and its attachments is the result of an inadvertent disclosure or unauthorized transmittal.  Sender reserves and asserts all rights to confidentiality, including all privileges which may apply.  Pursuant to those rights and privileges, immediately DELETE and DESTROY all copies of the email and its attachments, in whatever form, and immediately NOTIFY the sender of your receipt of this email.  DO NOT review, copy, or rely on in any way the contents of this email and its attachments.  NO DUTIES ARE INTENDED OR CREATED BY THIS COMMUNICATION.   All rights of the sender for violations of the confidentiality and privileges applicable to the email and any attachments are expressly reserved.


TREASURY DEPARTMENT CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the Treasury Department, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

**From:** Mike Bowling [mailto:MBowling@friedmanleak.com]
**Sent:** Thursday, June 05, 2008 8:49 AM
**To:** Jonathan Hawkins; Joe Kerr
**Cc:** Halsey Knapp
**Subject:** RE: Penmont v. Blue Ridge

Jonathan:

We are contacting our client and will have proposed dates to you by Tuesday of next week.

Mike



EXHIBIT

D

tabbies®

8/19/2008

**From:** Jonathan Hawkins [mailto:JHawkins@FoltzMartin.com]
**Sent:** Tuesday, June 03, 2008 8:21 AM
**To:** Mike Bowling; Joe Kerr
**Cc:** Halsey Knapp
**Subject:** RE: Penmont v. Blue Ridge

Mike-

We don't have a problem doing all the depositions together, but we can't wait until August to take your clients depositions. Please provide available dates the weeks of July 7 and July 14. We would prefer to work with your clients' schedules, but if they can't provide available dates, then we will go ahead and notice the depositions for early to mid-July.

Please let me know by the end of the week.

Thanks,


Jonathan E. Hawkins, Esq.
Foltz Martin, LLC
Five Piedmont Center, Suite 750
Atlanta, GA 30305
Telephone: (404) 231-9397
Facsimile: (404) 419-8257
Email: JHawkins@FoltzMartin.com
Website: www.FoltzMartin.com

This communication is attorney-client privileged or confidential. If you are not the intended recipient, please do not read, distribute or copy this communication. Please delete the original message and immediately notify us by return email.

TREASURY DEPARTMENT CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the Treasury Department, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.


**From:** Mike Bowling [mailto:MBowling@friedmanleak.com]
**Sent:** Thursday, May 29, 2008 8:44 AM
**To:** Jonathan Hawkins; Joe Kerr
**Cc:** Halsey Knapp
**Subject:** RE: Penmont v. Blue Ridge

Gentlemen,

We don't have a problem with scheduling depositions, but would like to do the defendant's depositions at the same time as the depositions of our clients. It will probably be closer to August before we can get them done. We will speak with our clients and get back to you shortly.

Mike


8/19/2008

**From:** Jonathan Hawkins [mailto:JHawkins@FoltzMartin.com]
**Sent:** Tuesday, May 27, 2008 3:48 PM
**To:** Joe Kerr; Mike Bowling
**Cc:** Halsey Knapp
**Subject:** Penmont v. Blue Ridge


Gentlemen-

Hope you had a good holiday weekend. We would like to set up depositions for Eliot Subin, Michael Lewis, and
Penmont, LLC. Please provide available dates in the last week of June and the first week of July, so that we may
go ahead and get them scheduled. We understand your clients do not live in Montgomery, but will travel to your
offices or will host the depositions here in Atlanta, whichever is easier for your clients.

Thanks,

Jonathan E. Hawkins, Esq.
Foltz Martin, LLC
Five Piedmont Center, Suite 750
Atlanta, GA 30305
Telephone: (404) 231-9397
Facsimile: (404) 419-8257
Email:  JHawkins@FoltzMartin.com
Website:  www.FoltzMartin.com

This communication is attorney-client privileged or confidential. If you are not the intended recipient, please do not read,
distribute or copy this communication. Please delete the original message and immediately notify us by return email.

TREASURY DEPARTMENT CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the
Treasury Department, we inform you that any U.S. federal tax advice contained in this communication (including any
attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the
Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed
herein.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PENMONT, LLC, and | ) | |
| PENMAN GROUP, LLC | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO.: 2:08cv93-WC |
| v. | ) | |
| | ) | |
| BLUE RIDGE PIEDMONT, LLC, BLUE | ) | |
| RIDGE CAPITAL, LLC, FRITZ MCPHAIL, | ) | |
| and ERIC WILENSKY | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF RULE 30(b)(6) DEPOSITION OF PENMONT, LLC

TO:  Penmont, LLC
c/o J. Michael Bowling, Esq.
Friedman, Leak, Dazzio, Zulanas & Bowling
Post Office Box 43219
Birmingham, AL 35243

PLEASE TAKE NOTICE that Defendant Blue Ridge Piedmont, LLC will take

the Rule 30(b)(6) deposition of Plaintiff Penmont, LLC, ("Penmont"), commencing on

Thursday, August 21, 2008 at 1:00 o'clock p.m. Said deposition will be taken at the

offices of J. Michael Bowling of Friedman, Leak, Dazzio, Zulanas & Bowling, located at

3800 Colonnade Parkway, Suite 650, Birmingham, Alabama 35243-3219. Said

deposition will be taken pursuant to Fed. R. Civ. P. 30(b)(6) and continuing until

completed (including following any and all breaks therein and/or adjournments thereof).

Penmont is requested, pursuant to said rule, to designate one or more of its

officers, directors, managing agents or other persons to testify about matters known or

reasonably available to Penmont. The matters on which each person shall be examined

are listed on Exhibit "A" hereto.

The deposition shall be taken for all purposes authorized by the Federal Rules of

Civil Procedure Act and for all other purposes permitted by law.

This 25th day of July, 2008.

Respectfully submitted,

**FOLTZ MARTIN, LLC**

Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Jonathan E. Hawkins
Georgia Bar No. 338779

Five Piedmont Center, Suite 750
Atlanta, Georgia 30305-1541
Telephone: (404) 231-9397
Facsimile: (404) 237-1659
Attorneys for Defendants

**Exhibit "A"**

1. The factual basis underlying the damages allegedly incurred by you in this case.

2. The actions you have taken in order to mitigate your damages.

3. The basis of your contention in paragraph 17 of the Complaint that "the tenant was in a hostile position with the landlord."

4. The factual bases of your claim of Promissory Fraud, Misrepresentation, and Fraudulent Suppression, including, but not limited to, each alleged statement and/or omission made by any Defendant.

5. The basis of your contention in paragraph 26 of the Complaint that the "defendants, separately and severally, contracted with the plaintiffs to purchase the property at issue."

6. The basis of your contention in paragraph 27 of the Complaint that "the defendants breached said contract by failing to meet the terms of the agreement and/or failing to act in good faith required under law."

7. The basis of your contention in paragraph 32 of the Complaint that there was "either actual or implied agency between the plaintiffs and defendants."

8. All agreements or contracts between any Defendant and Penmont that is related to the transaction described in the Complaint.

9. Any other agreements that are related to the transaction described in the Complaint.

10. Any investigation or due diligence performed by you, or on your behalf, regarding the subject shopping center or Steve & Barry's.

11. All facts upon which you base any claim for relief against Defendants and/or any defenses to Blue Ridge Piedmont's Counterclaim.

## CERTIFICATE OF SERVICE

I hereby certify that this day I have served counsel and the parties with a true and correct copy of **Notice of Rule 30(b)(6) Deposition of Penmont, LLC** by mailing the same via United States First Class mail, postage prepaid and properly addressed to the following counsel of record:

> J. Michael Bowling
> Friedman, Leak, Dazzio, Zulanas & Bowling
> Post Office Box 43219
> Birmingham, AL 35243

This 25th day of July, 2008.

> Halsey G. Knapp, Jr.
> Georgia Bar No. 425320
> Jonathan E. Hawkins
> Georgia Bar No. 338779

Five Piedmont Center, Suite 750
Atlanta, Georgia 30305-1541
Telephone: (404) 231-9397
Facsimile: (404) 237-1659
hknapp@foltzmartin.com
jhawkins@foltzmartin.com

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PENMONT, LLC, and<br>PENMAN GROUP, LLC | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) CIVIL ACTION NO.: 2:08cv93-WC |
| v. | ) <br> ) |
| BLUE RIDGE PIEDMONT, LLC, BLUE<br>RIDGE CAPITAL, LLC, FRITZ MCPHAIL,<br>and ERIC WILENSKY | ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

### NOTICE OF RULE 30(b)(6) DEPOSITION OF PENMAN GROUP, LLC

TO:    Penman Group, LLC
       c/o J. Michael Bowling, Esq.
       Friedman, Leak, Dazzio, Zulanas & Bowling
       Post Office Box 43219
       Birmingham, AL 35243

PLEASE TAKE NOTICE that Defendant Blue Ridge Piedmont, LLC will take

the Rule 30(b)(6) deposition of Plaintiff Penman Group, LLC, ("Penman Group"),

commencing on Thursday, August 21, 2008 at 4:00 o'clock p.m.  Said deposition will be

taken at the offices of J. Michael Bowling of Friedman, Leak, Dazzio, Zulanas &

Bowling, located at 3800 Colonnade Parkway, Suite 650, Birmingham, Alabama 35243-

3219.  Said deposition will be taken pursuant to Fed. R. Civ. P. 30(b)(6) and continuing

until completed (including following any and all breaks therein and/or adjournments

thereof).

Penman Group is requested, pursuant to said rule, to designate one or more of its

officers, directors, managing agents or other persons to testify about matters known or

reasonably available to Penman Group the matters on which each person shall be

examined are listed on Exhibit "A" hereto.

675855.1                                      1

The deposition shall be taken for all purposes authorized by the Federal Rules of

Civil Procedure Act and for all other purposes permitted by law.

This ___ day of July, 2008.

                                 Respectfully submitted,

                                 **FOLTZ MARTIN, LLC**

                                 Halsey G. Knapp, Jr.
                                 Georgia Bar No. 425320
                                 Jonathan E. Hawkins
                                 Georgia Bar No. 338779

Five Piedmont Center, Suite 750
Atlanta, Georgia 30305-1541
Telephone: (404) 231-9397
Facsimile: (404) 237-1659
Attorneys for Defendants

675855.1

2

## Exhibit "A"

1. The factual basis underlying the damages allegedly incurred by you in this case.

2. The actions you have taken in order to mitigate your damages.

3. The basis of your contention in paragraph 17 of the Complaint that "the tenant was in a hostile position with the landlord."

4. The factual bases of your claim of Promissory Fraud, Misrepresentation, and Fraudulent Suppression, including, but not limited to, each alleged statement and/or omission made by any Defendant.

5. The basis of your contention in paragraph 26 of the Complaint that the "defendants, separately and severally, contracted with the plaintiffs to purchase the property at issue."

6. The basis of your contention in paragraph 27 of the Complaint that "the defendants breached said contract by failing to meet the terms of the agreement and/or failing to act in good faith required under law."

7. The basis of your contention in paragraph 32 of the Complaint that there was "either actual or implied agency between the plaintiffs and defendants."

8. All agreements or contracts between any Defendant and Penman Group that is related to the transaction described in the Complaint.

9. Any other agreements that are related to the transaction described in the Complaint.

10. Any investigation or due diligence performed by you, or on your behalf, regarding the subject shopping center or Steve & Barry's.

11. All facts upon which you base any claim for relief against Defendants and/or any defenses to Blue Ridge Piedmont's Counterclaim.

675855.1                                                    3

## CERTIFICATE OF SERVICE

I hereby certify that this day I have served counsel and the parties with a true and

correct copy of **Notice of Rule 30(b)(6) Deposition of Penman Group, LLC** by mailing

the same via United States First Class mail, postage prepaid and properly addressed to the

following counsel of record:

J. Michael Bowling
Friedman, Leak, Dazzio, Zulanas & Bowling
Post Office Box 43219
Birmingham, AL 35243

This 25th day of July, 2008.

Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Jonathan E. Hawkins
Georgia Bar No. 338779

Five Piedmont Center, Suite 750
Atlanta, Georgia 30305-1541
Telephone: (404) 231-9397
Facsimile: (404) 237-1659
hknapp@foltzmartin.com
jhawkins@foltzmartin.com

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PENMONT, LLC, and                    )
PENMAN GROUP, LLC                    )
                                     )
        Plaintiffs,                  )
                                     )    CIVIL ACTION NO.: 2:08cv93-WC
v.                                   )
                                     )
BLUE RIDGE PIEDMONT, LLC, BLUE       )
RIDGE CAPITAL, LLC, FRITZ MCPHAIL,   )
and ERIC WILENSKY                    )
                                     )
        Defendants.                  )

## DEFENDANT'S NOTICE TO TAKE DEPOSITION OF H. ELIOT SUBIN

TO:    H. Eliot Subin
       c/o J. Michael Bowling, Esq.
       Friedman, Leak, Dazzio, Zulanas & Bowling
       Post Office Box 43219
       Birmingham, AL 35243

       NOTICE IS GIVEN HEREWITH that, pursuant to Rule 30, Federal Rules of

Civil Procedure, Defendant Blue Ridge Piedmont, LLC will take the deposition of H.

Eliot Subin, upon oral examination and recorded stenographically for use in the above-

captioned case, at the offices of J. Michael Bowling, Friedman, Leak, Dazzio, Zulanas &

Bowling, located at 3800 Colonnade Parkway, Suite 650, Birmingham, Alabama 35243-

3219 on Wednesday, August 20, 2008, beginning at 1:00 p.m., and continuing until

completed (including following any and all breaks therein and/or adjournments thereof).

       This 25th day of July, 2008.

                                          Respectfully submitted,

                                          FOLTZ MARTIN, LLC


                                          Halsey G. Knapp, Jr.
                                          Georgia Bar No. 425320

EXHIBIT
E

675830.1                                  1

Jonathan E. Hawkins
Georgia Bar No. 338779

Five Piedmont Center, Suite 750
Atlanta, Georgia 30305-1541
Telephone: (404) 231-9397
Facsimile: (404) 237-1659
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that this day I have served counsel and the parties with a true and

correct copy of **Defendant's Notice to Take Deposition of H. Eliot Subin** by mailing

the same via United States First Class mail, postage prepaid and properly addressed to the

following counsel of record:

> J. Michael Bowling
> Friedman, Leak, Dazzio, Zulanas & Bowling
> Post Office Box 43219
> Birmingham, AL 35243

This 25th day of July, 2008.

Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Jonathan E. Hawkins
Georgia Bar No. 338779

Five Piedmont Center, Suite 750
Atlanta, Georgia 30305-1541
Telephone: (404) 231-9397
Facsimile: (404) 237-1659
hknapp@foltzmartin.com
jhawkins@foltzmartin.com

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PENMONT, LLC, and<br>PENMAN GROUP, LLC | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO.: 2:08cv93-WC |
| v. | ) | |
| | ) | |
| BLUE RIDGE PIEDMONT, LLC, BLUE | ) | |
| RIDGE CAPITAL, LLC, FRITZ MCPHAIL, | ) | |
| and ERIC WILENSKY | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S NOTICE TO TAKE DEPOSITION OF MICHAEL E. LEWIS

TO:    Michael E. Lewis
c/o J. Michael Bowling, Esquire
Friedman, Leak, Dazzio, Zulanas & Bowling
Post Office Box 43219
Birmingham, AL  35243

NOTICE IS GIVEN HEREWITH that, pursuant to Rule 30, Federal Rules of

Civil Procedure, Defendant Blue Ridge Piedmont, LLC will take the deposition of

Michael E. Lewis, upon oral examination and recorded stenographically for use in the

above-captioned case, at the offices of J. Michael Bowling, Friedman, Leak, Dazzio,

Zulanas & Bowling, located at 3800 Colonnade Parkway, Suite 650, Birmingham,

Alabama 35243-3219 on Thursday, August 21, 2008, beginning at 9:00 a.m., and

continuing until completed (including following any and all breaks therein and/or

adjournments thereof).

This 25th day of July, 2008.

Respectfully submitted,

FOLTZ MARTIN, LLC

Halsey G. Knapp, Jr.

675842.1                                           1

Georgia Bar No. 425320
Jonathan E. Hawkins
Georgia Bar No. 338779

Five Piedmont Center, Suite 750
Atlanta, Georgia 30305-1541
Telephone: (404) 231-9397
Facsimile: (404) 237-1659
Attorneys for Defendants

675842.1

2

## CERTIFICATE OF SERVICE

I hereby certify that this day I have served counsel and the parties with a true and correct copy of **Defendant's Notice to Take Deposition of Michael E. Lewis** by mailing the same via United States First Class mail, postage prepaid and properly addressed to the following counsel of record:

> J. Michael Bowling
> Friedman, Leak, Dazzio, Zulanas & Bowling
> Post Office Box 43219
> Birmingham, AL 35243

This 25th day of July, 2008.

Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Jonathan E. Hawkins
Georgia Bar No. 338779

Five Piedmont Center, Suite 750
Atlanta, Georgia 30305-1541
Telephone: (404) 231-9397
Facsimile: (404) 237-1659
hknapp@foltzmartin.com
jhawkins@foltzmartin.com

675842.1                                            3

# Jonathan Hawkins

---

**From:** Mike Bowling [MBowling@friedmanleak.com]
**Sent:** Monday, July 28, 2008 9:46 AM
**To:** Jonathan Hawkins; Joe Kerr
**Cc:** Halsey Knapp
**Subject:** RE: Penmont v. Blue Ridge

Jonathan,

Just got an email from my client giving me this Saturday and Sunday as potential deposition dates. Neither of these work for me but I have asked him for dates within the next couple of weeks. Please email me some dates that work for you. I assume we do not want to do weekends if it can be avoided.

Mike

---

**From:** Jonathan Hawkins [mailto:JHawkins@FoltzMartin.com]
**Sent:** Thursday, June 26, 2008 4:08 PM
**To:** Mike Bowling; Joe Kerr
**Cc:** Halsey Knapp
**Subject:** RE: Penmont v. Blue Ridge

Mike-

Following up regarding depo dates. Please provide available dates by next Tuesday, July 1. Otherwise, we will have to go ahead and notice them.

Thanks,


Jonathan E. Hawkins, Esq.
Foltz Martin, LLC
Five Piedmont Center, Suite 750
Atlanta, GA 30305
Telephone: (404) 231-9397
Facsimile: (404) 419-8257
Email:  JHawkins@FoltzMartin.com
Website:  www.FoltzMartin.com

NOTICE: This email and all attachments are CONFIDENTIAL and intended solely for the recipients as identified in the "TO", "Cc" and "Bcc" lines of this email. If you are not an intended recipient, your receipt of this email and its attachments is the result of an inadvertent disclosure or unauthorized transmittal. Sender reserves and asserts all rights to confidentiality, including all privileges which may apply. Pursuant to those rights and privileges, immediately DELETE and DESTROY all copies of the email and its attachments, in whatever form, and immediately NOTIFY the sender of your receipt of this email. DO NOT review, copy, or rely on in any way the contents of this email and its attachments. NO DUTIES ARE INTENDED OR CREATED BY THIS COMMUNICATION. All rights of the sender for violations of the confidentiality and privileges applicable to the email and any attachments are expressly reserved.

TREASURY DEPARTMENT CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the Treasury Department, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

EXHIBIT

F

**From:** Mike Bowling [mailto:MBowling@friedmanleak.com]
**Sent:** Thursday, June 05, 2008 8:49 AM
**To:** Jonathan Hawkins; Joe Kerr
**Cc:** Halsey Knapp
**Subject:** RE: Penmont v. Blue Ridge

Jonathan:

We are contacting our client and will have proposed dates to you by Tuesday of next week.

Mike

---

**From:** Jonathan Hawkins [mailto:JHawkins@FoltzMartin.com]
**Sent:** Tuesday, June 03, 2008 8:21 AM
**To:** Mike Bowling; Joe Kerr
**Cc:** Halsey Knapp
**Subject:** RE: Penmont v. Blue Ridge

Mike-

We don't have a problem doing all the depositions together, but we can't wait until August to take your clients depositions.  Please provide available dates the weeks of July 7 and July 14.  We would prefer to work with your clients' schedules, but if they can't provide available dates, then we will go ahead and notice the depositions for early to mid-July.

Please let me know by the end of the week.

Thanks,


Jonathan E. Hawkins, Esq.
Foltz Martin, LLC
Five Piedmont Center, Suite 750
Atlanta, GA 30305
Telephone: (404) 231-9397
Facsimile: (404) 419-8257
Email: JHawkins@FoltzMartin.com
Website: www.FoltzMartin.com

This communication is attorney-client privileged or confidential. If you are not the intended recipient, please do not read, distribute or copy this communication. Please delete the original message and immediately notify us by return email.

TREASURY DEPARTMENT CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the Treasury Department, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Mike Bowling [mailto:MBowling@friedmanleak.com]
**Sent:** Thursday, May 29, 2008 8:44 AM
**To:** Jonathan Hawkins; Joe Kerr
**Cc:** Halsey Knapp
**Subject:** RE: Penmont v. Blue Ridge

Gentlemen,

We don't have a problem with scheduling depositions, but would like to do the defendant's depositions at the same time as the depositions of our clients.  It will probably be closer to August before we can get them done.  We will speak with our clients and get back to you shortly.

Mike

---

**From:** Jonathan Hawkins [mailto:JHawkins@FoltzMartin.com]
**Sent:** Tuesday, May 27, 2008 3:48 PM
**To:** Joe Kerr; Mike Bowling
**Cc:** Halsey Knapp
**Subject:** Penmont v. Blue Ridge

Gentlemen-

Hope you had a good holiday weekend.  We would like to set up depositions for Eliot Subin, Michael Lewis, and Penmont, LLC.  Please provide available dates in the last week of June and the first week of July, so that we may go ahead and get them scheduled.  We understand your clients do not live in Montgomery, but will travel to your offices or will host the depositions here in Atlanta, whichever is easier for your clients.

Thanks,

Jonathan E. Hawkins, Esq.
Foltz Martin, LLC
Five Piedmont Center, Suite 750
Atlanta, GA 30305
Telephone: (404) 231-9397
Facsimile: (404) 419-8257
Email: JHawkins@FoltzMartin.com
Website: www.FoltzMartin.com

This communication is attorney-client privileged or confidential. If you are not the intended recipient, please do not read, distribute or copy this communication. Please delete the original message and immediately notify us by return email.

TREASURY DEPARTMENT CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the Treasury Department, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

8/19/2008



# FOLTZ MARTIN LLC

## ATTORNEYS AT LAW

5 PIEDMONT CENTER SUITE 750 ATLANTA GA 30305-1541
TELEPHONE 404-231-9397  /  FACSIMILE 404-237-1659

August 19, 2008

**VIA EMAIL AND FIRST CLASS MAIL**

J. Michael Bowling, Esq.
Joe Kerr, Esq.
Friedman, Leak, Dazzio, Zulanas & Bowling
Post Office Box 43219
Birmingham, AL 35243

       Re:   <u>Penmont, LLC and Penman Group, LLC v. Blue Ridge Piedmont, LLC, Blue Ridge Capital, LLC, Fritz McPhail, and Eric Wilensky</u>; Civil Action No. 2:08-cv-93-WC

Gentlemen:

Thank you for your letter dated August 19, 2008 regarding the depositions of your clients properly noticed for tomorrow and Thursday, August 20 and 21, 2008.

As you know, we have been seeking to depose your clients for several months. On May 27, 2008, I sent you an email requesting available deposition dates during the last week of June or first week of July. <u>See</u> enclosed. On June 3, 2008, we requested available deposition dates during the weeks of July 7 and July 14 and indicated a desire to work within your clients' schedules. <u>See</u> enclosed. On June 26, we again requested available deposition dates. <u>See</u> enclosed. Because we never received any available deposition dates from your clients, on July 25, 2008, we noticed their depositions to be held in your offices on August 20 and 21, 2008. For the first time yesterday afternoon, we learned that your clients would not be appearing for their depositions. I understand that you are involved in other depositions this week. Are there any other attorneys at your office that are available tomorrow and Thursday?

We have been trying to move this case along for months and have received nothing but delay from your clients. As you mentioned in your letter, dispositive motions are due in October. We appreciate your willingness to extend that deadline, but we feel such an extension would not be necessary but for your clients refusal to cooperate thus far. In addition, we cannot be sure that the Court will indeed give us an extension. And unfortunately, we can no longer accommodate their requests for extension as a matter of professionalism because it is prejudicing our client's ability to defend themselves. We will not agree to reschedule the depositions, so

683587.1

**EXHIBIT**

*G*

J. Michael Bowling, Esq.
Joe Kerr, Esq.
August 19, 2008
Page 2 of 2

please let us know in writing today whether you will require us to come to Birmingham tomorrow and Thursday to perfect the record.

Sincerely,

FOLTZ MARTIN, LLC

Jonathan E. Hawkins

JEH/jlh
Enclosures

cc:     Mr. Fritz McPhail (via first class mail)
        Halsey G. Knapp, Jr., Esq.

683587.1



## FRIEDMANLEAK

ATTORNEYS & COUNSELORS AT LAW

FRIEDMAN, LEAK, DAZZIO, ZULANAS & BOWLING, P.C.
3800 COLONNADE PARKWAY, SUITE 650
MAILING ADDRESS: P.O. BOX 43219
BIRMINGHAM, ALABAMA 35243-3219
℡ 205-278-7000 ℻ 205-278-7001
www.FRIEDMANLEAK.COM

J. MICHAEL BOWLING
mbowling@friedmanleak.com
DIRECT DIAL NUMBER:
(205) 278-7070

August 19, 2008

**VIA EMAIL**
Jonathan E. Hawkins
FOLTZ MARTIN, LLC
Five Piedmont Center, Suite 750
Atlanta, GA 30305-1541

Re:     PenMont, LLC v. Blue Ridge Capital
        Our File No.: 582-4773

Dear Jonathan:

This letter follows our telephone conversation of yesterday afternoon regarding the depositions unilaterally noticed by your office for later this week.

As we discussed, we are in the middle of court ordered depositions in a case involving over 400 plaintiffs. These depositions have been ordered by the court to be completed by September 1st of this year. We will not be available for the depositions of our client scheduled for later this week. Our client will not be present at the depositions either.

Jonathan, we appreciate the fact that you want to get these depositions done as quickly as possible, and are trying to work with you. In that regard, we will provide you with six dates that are open on both our calendar and our clients' calendars by the end of this week. We note that there is a dispositive motion deadline of October in this case. If that is what is causing your concern, given the fact that the discovery cut-off in this case is not until December of this year, we would agree to voluntarily extend the dispositive motion deadline until after the discovery cut-off. We will draft a motion to extent the deadline if you so desire.

Again, we apologize for not being available for the depositions later this week. We will provide you with six dates for the depositions by this Friday. In the meantime, please do not hesitate to call with any questions or concerns that you have.

Sincerely,

FRIEDMAN LEAK

*Dictated but not read to avoid delay.*

J. Michael Bowling

JMB/fs


EXHIBIT
H
tabbies®

**Jonathan Hawkins**

| | |
|---|---|
| **From:** | Jonathan Hawkins |
| **Sent:** | Thursday, August 21, 2008 9:51 AM |
| **To:** | Jonathan Hawkins |
| **Subject:** | Fw: Penmont deposition dates |

```
------Original Message------
From: Michael Bowling
To: Jonathan Hawkins
Sent: Aug 20, 2008 11:43 AM
Subject: Penmont deposition dates

Jonathan,

The individuals you may want to depose are Eliot Subin and Mike Lewis.  Eliot can be
available for deposition on September  23, 24, 25 or October 14 and 15.  Mike Lewis is
available September 23, 24, 25 or October 14 and 15.  Again, we will work with you to file
for an extension of the dispositive motion deadline immediately if the October dates
concern you.  Let us know if any of these dates work for you.

Mike

John Michael Bowling

Friedman Leak

3800 Colonnade Pkwy., Suite 650

Birmingham, AL  35243

(205) 278-7070 (Direct)

(205) 278-7001 (Fax)
```

THE INFORMATION CONTAINED IN THIS COMMUNICATION IS ATTORNEY-CLIENT PRIVILEGED, ATTORNEY
WORK PRODUCT AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL
NAMED ABOVE.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE
OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT
ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.
IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY
TELEPHONE AT (205)278-7000 AND RETURN THE ORIGINAL MESSAGE TO US AT FRIEDMAN, LEAK,
DAZZIO, ZULANAS & BOWLING, P.C., P. O. BOX 43219, BIRMINGHAM, AL 35243-3219 VIA THE U. S.
POSTAL SERVICE.  THANK YOU.



EXHIBIT
I