IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PENMONT, LLC, and <br> PENMAN GROUP, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BLUE RIDGE PIEDMONT, LLC; <br> BLUE RIDGE CAPITAL, LLC; <br> FRITZ MCPHAIL; and ERIC WILENSKY, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO.: 2:08-CV-93-MHT <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO
COMPEL DEPOSITIONS AND EXTEND TIME TO FILE DISPOSITIVE MOTIONS**

COME NOW, the plaintiffs in the above styled cause, Penmont, LLC and Penman Group, LLC (hereinafter "Penmont") and file the following response to the plaintiffs' Motion to Compel and Extend Time to File Dispositive Motions:

1. The defendants are correct in that they should be allowed to take the plaintiffs' depositions.

2. Part of the delay caused in scheduling the depositions was the result of ongoing discussions about projects unrelated to the property at issue in this case between the plaintiffs and the defendants. (See emails between the parties, attached hereto as Exhibit "A").

3. It was plaintiff counsel's belief that the best chance of settling this particular case was if the parties decided to enter into a separate business transaction wherein the settlement of this case was part of the consideration.

4. Accordingly, counsel for the plaintiffs initially delayed depositions in hopes of resolving this case.

5.  After negotiations on the business deal referenced herein broke down, plaintiffs' counsel discussed the potential for settlement with counsel for the defendants. It became apparent as part of these discussions that neither party was interested in settlement at this point in time.

6.  The depositions of the plaintiffs were then unilaterally noticed on a date that was not provided by counsel for plaintiffs or coordinated with the plaintiffs' business schedule.

7.  Despite this fact, counsel for the plaintiffs did not immediately cancel the depositions in hopes that they could be worked into his schedule as well as his client's.

8.  Unfortunately, conflicts arose and the unilaterally noticed depositions could not go forward.

9.  Counsel for the plaintiffs would like to point out that these depositions have only been noticed on one occasion and that occasion was not coordinated with counsel for plaintiffs.

10. Counsel for the plaintiffs have now provided several dates to defense counsel that are clear on both plaintiff counsel's and his client's schedule. In fact, confirming emails have already been sent indicating that the depositions will go forward on the 23rd and 24th of September.

11. As the emails attached to the defendants' brief indicate, plaintiffs' counsel has attempted to work with the defendants in assuring that they are not prejudiced by any delay in the depositions. Plaintiffs' counsel would also like to point out that the discovery cut-off in this case is not until December of this year. In fact, it was counsel for the plaintiffs that volunteered to work with defense counsel in extending the dispositive motion deadline. Based on plaintiff counsel's experience with other Alabama lawyers, motions to compel are generally not filed until a party fails to appear for a deposition that was coordinated with his and his lawyer's schedules. Despite this fact, counsel for the plaintiffs has no problem with an extension of the dispositive motion deadline

and would consent to an order compelling the depositions to go forward on or before the October 14th date referenced in the prior emails.

12. Counsel for the defendants would respectfully request that any request for attorney's fees be denied, based on the fact that counsel for the plaintiffs has indicated from the start that he would consent to a Motion to Compel. This Motion to Compel is technically prematurely filed, in that the plaintiffs have never failed to show for a deposition that was coordinated with them or their attorneys. While counsel for the plaintiffs would understand if defense counsel seeks cost if the current depositions are cancelled, costs should not be awarded based on the cancellation of one unilaterally noticed deposition.

WHEREFORE, PREMISES CONSIDERED, the plaintiffs respectfully request that this Court deny the defendants' Motion for Costs but will consent to a motion compelling the depositions to occur on or before October 14th and will consent to an extension of the dispositive motion deadline.

Respectfully Submitted,

_____
J. Michael Bowling (BOW 046)

OF COUNSEL
Friedman, Leak, Dazzio, Zulanas & Bowling, P.C.
P.O. Box 43219
Birmingham, AL 35243-3219
(205) 278-7000

## CERTIFICATE OF SERVICE

I hereby certify I have caused a copy of the foregoing pleading to be served on counsel for all parties via electronic filing this 26th day of August, 2008.

George R. Parker
BRADLEY, ARANT, ROSE & WHITE, LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104

Halsey G. Knapp, Jr.
Jonathan E. Hawkins
FOLTZ MARTIN, LLC
Five Piedmont Center, Suite 750
Atlanta, GA 30305-1541

_____
Of Counsel

4

# Exhibit "A"

**From:** Fritz McPhail [mailto:fritz@blueridgecapital.com]
**Sent:** Tuesday, May 06, 2008 2:03 PM
**To:** esubin@donedealgroup.com; Eric Wilensky; Kellie Snipes
**Subject:** Demopolis

Kellie: send eliot the latest run on demopolis that I believes shows 82,000 in NCF. Eliot, you gave me a verbal on this, but I forgot price. Can u remind me. Tx. F

8/26/2008

**From:** Eliot Subin [esubin@donedealgroup.com]
**Sent:** Thursday, May 08, 2008 8:31 AM
**To:** 'Fritz McPhail'
**Cc:** mel@penmangroup.com
**Subject:** RE: Demopolis

Fritz:
Can you be a little more definitive on quantifying the reserves? I understand the lawsuit consideration you are proposing a as you have been explicit on that front in your email, if you read below this is the first mention of reserves. Thanks,

E

---

**From:** Fritz McPhail [mailto:fritz@blueridgecapital.com]
**Sent:** Thursday, May 08, 2008 9:13 AM
**To:** esubin@donedealgroup.com; Eric Wilensky; Fritz McPhail
**Subject:** Re: Demopolis

I'm asking much more than that. What I said was, if you drop suit, and make this a painless deal, then I would be willing to discuss something in this range. There are other matters such as how reserves are handled. I would say a number in the 585-600 range, with us keeping the reserves, and no commissions would be ok.

----- Original Message -----
From: Eliot Subin <esubin@donedealgroup.com>
To: Fritz McPhail
Cc: mel@penmangroup.com <mel@penmangroup.com>
Sent: Thu May 08 09:04:30 2008
Subject: RE: Demopolis

are you saying you are aksing for $585,000 over a mortgage of
$1,894,880=$2,479,880?

-----Original Message-----
From: Fritz McPhail [mailto:fritz@blueridgecapital.com]
Sent: Wednesday, May 07, 2008 12:44 PM
To: Kellie Snipes; esubin@donedealgroup.com
Cc: Eric Wilensky
Subject: RE: Demopolis

Eliot: if I am not mistaken you had said that a high cash on cash would work. We have $585,000 invested in this thing. If you dropped the lawsuit, and I didn't have to pay a commission, then I would sell for $585,000. This would give you a 14% return, day 1, with upside from there. If you have no interest in this, I understand, but that is quite a good yield. Alternatively, I could raise the price, if I needed to pay someone on your end a commission for placing it. The net price is $585K of course. Essentially we would of worked for free for 3 years at this price.

If you have no interest in this, there is no need for you to respond to this email, and as I understand the attorneys are keeping the ball rolling on both end as it relates to the lawsuits, which we intend to

8/26/2008

vigorously defend, if for no other reason than principle.

Eric; please forward this to the appropriate counsel on our end.

Thanks much,

Fritz R. McPhail
President
Blue Ridge Capital, LLC

340 East Paces Ferry Road
Atlanta, GA  30305
Ph:  404.364.9094
Fax: 404.364.9095
http://blueridgecapital.com/

-----Original Message-----
From: Kellie Snipes
Sent: Tuesday, May 06, 2008 2:06 PM
To: Fritz McPhail; 'esubin@donedealgroup.com'
Subject: RE: Demopolis

Eliot-
Attached please find the proforma on Demopolis. Please let me or Fritz
know if you have any questions. Thanks.

Kellie Snipes
Blue Ridge Capital, LLC
404-364-9094 x. 201 (phone)


-----Original Message-----
From: Fritz McPhail
Sent: Tuesday, May 06, 2008 2:03 PM
To: 'esubin@donedealgroup.com'; Eric Wilensky; Kellie Snipes
Subject: Demopolis

Kellie: send eliot the latest run on demopolis that I believes shows
82,000 in NCF. Eliot, you gave me a verbal on this, but I forgot price.
Can u remind me. Tx. F