IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PENMONT, LLC, *et al.*,          )
                                 )
          Plaintiffs,            )
                                 )
v.                               )
                                 )    CIVIL ACTION NO. 2:08cv93-MHT
BLUE RIDGE PIEDMONT, LLC,        )
et al.,                          )
                                 )
          Defendants.            )

## ORDER ON MOTION

On August 26, 2008, Defendant Blue Ridge Piedmont, LLC filed a Motion to

Compel (Doc. #35) Plaintiffs' Deposition.[1]  On the same day Plaintiff filed a response.

(Doc. #36).   In short, Defendant seeks an order compelling Plaintiff to appear for

depositions.  Defendant asserts that because Plaintiff cancelled the last scheduled date for

depositions with only two days notice and because of "Plaintiffs' conduct in discovery," it

has "no guarantee that Plaintiffs will, in fact, appear the next time their depositions are

noticed."  (Doc. #34).  Plaintiff admits Defendant should have an opportunity to depose

Plaintiff and that counsel for Plaintiff "initially delayed depositions in hopes of resolving

this case,"  (Doc. #36), but that Plaintiffs' cancellation of the last deposition was as a

result of Defendant's unilateral scheduling of the deposition at a date in conflict with

Plaintiff and Plaintiffs' counsel's schedule.  *Id.*

---

[1]Defendant also moved the Court to extend the deadline for filing dispositive motions.
The undersigned will not rule on that portion of the motion.  The Honorable Myron H.
Thompson, District Judge, will handle that request separately.

Contained within Defendant's Brief in Support of Motion to Compel (Doc. #34), Defendant requests the Court require Plaintiffs to pay Defendant's attorney's fees.  While Rule 37(d) of the Federal rules of Civil Procedure permit this Court to impose sanctions upon a party's failure to attend its own deposition, the court may do so *on motion*.   As the motion pending before this Court is to compel, it need not address the request contained within the brief in support of said motion.[2]

As it appears from both the brief and Plaintiff's response, the parties have set a mutually agreed upon date for the deposition of Plaintiffs, it is

ORDERED that the Motion to Compel (Doc. #35) is DENIED.  Should Plaintiffs fail to attend or further delay their depositions, the Court will entertain future motions to compel and Rule 37(d) motions for sanctions.

Done this 27th day of August, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] Further, based on the facts and circumstances surrounding this matter, it is unlikely such a motion would be successful.

2