IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PENMONT, LLC, and<br>PENMAN GROUP, LLC, | )<br>)<br>) |
| Plaintiffs, | ) CIVIL ACTION NO.:<br>) |
| v. | ) 2:08-CV-93-MHT<br>) |
| BLUE RIDGE PIEDMONT, LLC;<br>BLUE RIDGE CAPITAL, LLC;<br>FRITZ MCPHAIL; and ERIC WILENSKY, | )<br>)<br>)<br>) |
| Defendants. | ) |

## MOTION TO ALTER, AMEND OR VACATE

COMES NOW, the Plaintiffs in the above styled cause, and respectfully request that this Court alter its Order of August 28, 2008 which requires the Plaintiffs to sit for deposition on or before September 15, 2008 and as grounds therefore, sets forth and says as follows:

1. The Court's Order of August 28, 2008 was the result of a Motion to Compel and Motion to Extend Dispositive Motion Deadline filed by the Plaintiffs. (See Order of August 28, 2008 attached hereto as Exhibit "A")

2. Prior to the August 28, 2008 Order being entered, a separate Order was entered addressing the Defendants' Motion to Compel. (See Order of August 27, 2008 attached hereto as Exhibit "B").

3. The First Order denied the Defendants' Motion to Compel the Plaintiffs to sit for deposition based on the fact that the depositions were already scheduled to occur on September 23, 2008 and September 24, 2008.

4. These deposition dates were coordinated with counsel for the Plaintiffs.

5. The Plaintiffs will obviously comply with this Court's Order requiring them to sit by September 15, 2008, but respectfully request that the Court reconsider and amend its August 28, 2008 Order to reflect the deadline contained in the first Order issued by the Court on August 27, 2008, which effectively gave the Plaintiffs until the September 23 and 24, 2008 deadline agreed upon by the parties to sit for deposition. This deadline is only nine days after the September 15, 2008 deadline imposed by the Court. Plaintiffs respectfully request that the Court extend the Summary Judgment deadline a period of nine days to reflect the movement of the deadline for the Plaintiffs to sit for deposition.

6. The movement of the Summary Judgment deadline for a period of nine days would in no way affect the other deadlines pending in the Scheduling Order or the trial date for this case.

WHEREFORE, premises considered, this Plaintiff respectfully request this Court alter its prior Order and allow the Plaintiffs until September 24, 2008 to sit for deposition and also request this Court extend the Summary Judgment deadline for a period of nine days, which will not affect the other deadline in this Court and will not prejudice the Defendants.

Respectfully Submitted,

_____
J. Michael Bowling (BOW 046)
Attorney for Plaintiffs

**OF COUNSEL:**
FRIEDMAN LEAK
3800 Colonnade Parkway, Ste. 650
Post Office Box 43219
Birmingham, AL 35243
Phone: (205) 278-7000
Facsimile: (205) 278-7001

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading upon all counsel of record, via the Alabama electronic filing system and/or U.S. Mail, first class postage prepaid and properly addressed, on this the 2nd day of September, 2008.

cc:
George R. Parker
BRADLEY, ARANT, ROSE & WHITE, LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104

Halsey G. Knapp, Jr.
Jonathan E. Hawkins
FOLTZ MARTIN, LLC
Five Piedmont Center, Suite 750
Atlanta, GA 30305-1541

_____
OF COUNSEL

# EXHIBIT A

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| PENMONT, LLC and<br>PENMAN GROUP, LLC, | )<br>) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:08cv93-MHT |
| | ) | |
| BLUE RIDGE PIEDMONT, LLC,<br>et al., | )<br>) | |
| | ) | |
| Defendants. | ) | |

ORDER

It is ORDERED that the motion to extend time to file dispositive motions (Doc. No. 35) is denied.  So that the parties can meet the dispositive-motion deadline, the depositions of plaintiffs must be held by no later than September 15, 2008.

DONE, this the 28th day of August, 2008.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PENMONT, LLC, *et al.*,         )
                                )
            Plaintiffs,         )
                                )
v.                              )
                                )   CIVIL ACTION NO. 2:08cv93-MHT
BLUE RIDGE PIEDMONT, LLC,       )
et al.,                         )
                                )
            Defendants.         )

## ORDER ON MOTION

On August 26, 2008, Defendant Blue Ridge Piedmont, LLC filed a Motion to Compel (Doc. #35) Plaintiffs' Deposition.[1] On the same day Plaintiff filed a response. (Doc. #36). In short, Defendant seeks an order compelling Plaintiff to appear for depositions. Defendant asserts that because Plaintiff cancelled the last scheduled date for depositions with only two days notice and because of "Plaintiffs' conduct in discovery," it has "no guarantee that Plaintiffs will, in fact, appear the next time their depositions are noticed." (Doc. #34). Plaintiff admits Defendant should have an opportunity to depose Plaintiff and that counsel for Plaintiff "initially delayed depositions in hopes of resolving this case," (Doc. #36), but that Plaintiffs' cancellation of the last deposition was as a result of Defendant's unilateral scheduling of the deposition at a date in conflict with Plaintiff and Plaintiffs' counsel's schedule. *Id.*

---

[1] Defendant also moved the Court to extend the deadline for filing dispositive motions. The undersigned will not rule on that portion of the motion. The Honorable Myron H. Thompson, District Judge, will handle that request separately.

Contained within Defendant's Brief in Support of Motion to Compel (Doc. #34), Defendant requests the Court require Plaintiffs to pay Defendant's attorney's fees. While Rule 37(d) of the Federal rules of Civil Procedure permit this Court to impose sanctions upon a party's failure to attend its own deposition, the court may do so *on motion*. As the motion pending before this Court is to compel, it need not address the request contained within the brief in support of said motion.[2]

As it appears from both the brief and Plaintiff's response, the parties have set a mutually agreed upon date for the deposition of Plaintiffs, it is

ORDERED that the Motion to Compel (Doc. #35) is DENIED. Should Plaintiffs fail to attend or further delay their depositions, the Court will entertain future motions to compel and Rule 37(d) motions for sanctions.

Done this 27th day of August, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] Further, based on the facts and circumstances surrounding this matter, it is unlikely such a motion would be successful.

2