IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
PENMONT, LLC and          )
PENMAN GROUP, LLC,        )
                          )
     Plaintiffs,          )
                          )        CIVIL ACTION NO.
     v.                   )         2:08cv93-MHT
                          )            (WO)
BLUE RIDGE PIEDMONT, LLC, )
BLUE RIDGE CAPITAL, LLC,  )
FRITZ MCPHAIL, and        )
ERIC WILENKSY,            )
                          )
     Defendants.          )
```

OPINION AND ORDER

Defendants Blue Ridge Piedmont, LLC, Blue Ridge
Capital, LLC, Fritz McPhail, and Eric Wilensky, suggested
in a proposed pre-trial order that this court does not
have diversity-of-citizenship jurisdiction pursuant to 28
U.S.C. § 1332 over the state-law claims of plaintiffs
Penmont, LLC and Penman Group, LLC against defendants.
Because, "If the court determines at any time that it
lacks subject-matter jurisdiction, the court must dismiss
the action," Fed. R. Civ. P. 12(h)(3), the court asked
the parties to brief the issue.  For the following

reasons, the court concludes that it has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).

Plaintiffs' complaint invokes the jurisdiction of this court under 28 U.S.C. § 1332(a)(1), which authorizes federal district courts to exercise original jurisdiction in civil actions between citizens of different States "where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interests and costs." Defendants do not challenge the complete diversity of the parties, but rather whether the jurisdictional amount is satisfied. Defendants concede that the complaint asserts an amount in controversy in excess of the jurisdictional minimum, but they challenge whether the amount in controversy actually exceeds $ 75,000, contending that plaintiffs "have no good faith or legitimate claim" for any of the damages they assert. Def. Br. at 5-6.

The Supreme Court has instructed that, "The rule governing dismissal for want of jurisdiction in cases

brought in the federal court is that, unless the law
gives a different rule, the sum claimed by the plaintiff
controls if the claim is apparently made in good faith."
St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S.
283, 288 (1938).  "It must appear to a legal certainty,"
the Court added in St. Paul, "that the claim is really
for less than the jurisdictional amount to justify
dismissal."  Id. at 289.  "The inability of plaintiff to
recover an amount adequate to give the court
jurisdiction" and "the fact that the complaint discloses
the existence of a valid defense to the claim" do not
show plaintiff's "bad faith or oust the jurisdiction."
Id.  The Court concluded that, "if, from the face of the
pleadings, it is apparent, to a legal certainty, that the
plaintiff cannot recover the amount claimed or if, from
the proofs, the court is satisfied to a like certainty
that the plaintiff never was entitled to recover that
amount, and that his claim was therefore colorable for
the purpose of conferring jurisdiction, the suit will be

3

dismissed." <u>Id</u>.  "Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." <u>Id</u>. A defendant challenging whether the minimum is met must therefore prove "to a legal certainty," as that phrase is expounded upon in <u>St. Paul</u>, that the jurisdictional amount is not met.  <u>Federated Mut. Ins. Co. v. McKinnon Motors</u>, 329 F.3d 805, 807 (11th Cir. 2003).

The court may rely on extrinsic evidence in determining whether the amount in controversy is satisfied. <u>Morrison v. Amway Corp.</u>, 323 F.3d 920, 925 n. 5 (11th Cir. 2003).  A court does not, however, inquire into the merits of the case; that is, where the jurisdictional challenge implicates the merits of the plaintiff's claims, it is inappropriate for the court to decide the merits of the claim in the course of its analysis of the jurisdictional challenge.  <u>Id</u>.

Defendants fail to prove that the jurisdictional amount is not met here.  Plaintiffs' fraud claim seeks

4

$ 75,000 and punitive damages for alleged misrepresentations that induced plaintiffs to pay $ 50,000 earnest money to defendants and a $ 25,000 lender's fee to a third party. Defendants take the position that, because the checks submitted to pay the $ 50,000 earnest money and $ 25,000 lender's fee were paid by entities other than the plaintiffs, those entities must be the "real" parties in interest. Defendants further contend that plaintiffs cannot recover punitive damages because they were not the victims of any fraud; rather, they argue, the entities who actually paid the fees would be the proper parties to raise such a claim. Defendants fail to cite any authority to support their argument.

Defendants' argument fails, for it glosses over the central point: that this case is about the fate of the $ 75,000 paid on behalf of plaintiffs in the course of a transaction between plaintiffs and defendants as well as about the punitive damages plaintiffs seek. Who actually

paid the funds is immaterial unless defendants can show that plaintiffs are asserting in bad faith that the funds were paid on their behalf.  The transaction that forms the basis for this lawsuit was between plaintiffs and defendants, and the purchase agreement--indeed, the entire record--reflects as much; it cannot plausibly be disputed that the money was paid on behalf of any party other than the two plaintiffs.  Defendants accepted the $ 50,000 in earnest money as payment on plaintiffs' behalf, and the $ 25,000 check paid to the lender lists "For Steve & Barry's" in the memo line.  See Def. Exh. 1. Similarly, because the transaction was between plaintiffs and defendants, any fraud or breach that was committed was committed against plaintiffs.  Thus, defendants have failed to show to a legal certainty that the amount in controversy does not include the $ 50,000 earnest money, the $ 25,000 lender's fee, and any punitive damages. Because any amount of punitive damages will push the

amount in controversy over $ 75,000, the jurisdictional amount is met on the basis of these damages alone.

Plaintiffs have also put forth testimonial evidence that they seek at least $ 20,000 in damages arising out of attorneys' fees and costs incurred in trying to complete the transaction.[*]  Adding this $ 20,000 to the $ 75,000 in damages on the fraud claim reaches $ 95,000, an amount that clearly exceeds the jurisdictional amount necessary to establish the amount in controversy.

***

According, it is ORDERED that, because the amount in controversy exceeds $ 75,000, exclusive of interests and costs, and the parties are of diverse state citizenship,

_____

[*]Defendants argue that plaintiffs have not put forth sufficient evidence of these damages because they have not produced receipts documenting these damages. However, it is <u>defendants</u>' burden to show, to a legal certainty, that plaintiffs do not have a legitimate or good faith claim. <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 289 (1938). Defendants' argument that one type of evidence is preferable to another type of evidence does not carry this burden.

the court has subject-matter jurisdiction pursuant to 28

U.S.C. 1332(a).

    DONE, this the 4th day of February, 2008.


                                        /s/ Myron H. Thompson
                                    UNITED STATES DISTRICT JUDGE